Filed 10/23/25  P. v. Mackey CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL E. MACKEY,<br><br>        Defendant and Appellant. | A170103<br><br>(Solano County<br>Super. Ct. No. VCR186577) |

In 2008, Michael E. Mackey was convicted of murder, attempted murder, and two counts of robbery.  In 2023, Mackey petitioned for resentencing under Penal Code[1] section 1172.6[2] and sought to replace appointed counsel by filing a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*)).  After substitute counsel appeared on Mackey's behalf, Judge Robert Bowers summarily denied the resentencing petition at the prima facie stage and denied the *Marsden* motion.

On appeal, Mackey argues the trial court erred both by denying his *Marsden* motion without a hearing and by denying his section 1172.6

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, with no substantive changes in the statute.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 throughout this opinion for ease of reference.

1

petition.  We conclude the *Marsden* motion was rendered moot by the appearance of substitute counsel to represent Mackey for the section 1172.6 proceeding.  However, we reverse the court's denial of the resentencing petition, which was not based on a review of the record, and remand for further proceedings under section 1172.6, subdivision (c).

**FACTUAL AND PROCEDURAL BACKGROUND**

*Convictions and Sentence*

In 2008, a jury convicted Mackey of first degree felony murder (§ 189) and second degree robbery (§ 211) against one victim, and attempted murder (§§ 187, subd. (a), 664) and second degree robbery (§ 211) against a second victim, for his role in a shooting and drug theft.

The jury found true for all four counts that Mackey personally used a firearm (§ 12022.53, subd. (b)), personally discharged a firearm (*id.*, subd. (c)), and personally and intentionally discharged a firearm, which proximately caused great bodily injury (and death, as to the first victim) (*id.*, subd. (d)).

The judge who presided over the trial (not Judge Bowers) sentenced Mackey to an aggregate term of seven years plus 75 years to life in prison.

*Postconviction Proceedings*

In 2020, Mackey filed a motion requesting a *Franklin* proceeding—in which youthful offenders can make a record to preserve evidence for an eventual parole hearing—and appointment of counsel.  (*People v. Franklin* (2016) 63 Cal.4th 261.)  In 2020, another trial court judge appointed counsel, who withdrew in 2022.  Judge Bowers then appointed the Solano County Public Defender's Office to represent him; Deputy Public Defender Damian

Spieckerman represented Mackey throughout the conclusion of the *Franklin* proceedings in October 2023.[3]

In July 2023, while the *Franklin* proceeding was still ongoing, Mackey petitioned in propria persona for resentencing under section 1172.6 (section 1172.6 petition). Mackey used the Office of the State Public Defender's section 1172.6 "Petition for Resentencing" form, checking the boxes indicating he presented a facially sufficient petition and requested appointment of counsel. The record does not reflect any response by the prosecution to the section 1172.6 petition.

At a September 2023 combined status hearing on the *Franklin* proceeding and the section 1172.6 petition, Spieckerman stated he was not able to file anything regarding Mackey's resentencing petition and suggested the petition be discussed at a future hearing.

At a hearing on December 5, 2023, Spieckerman appeared on Mackey's behalf and indicated Mackey may want to file a *Marsden* motion. Judge Bowers continued the matter for 30 days to allow Spieckerman and Mackey to speak regarding the potential *Marsden* motion. Given the continuance, Spieckerman opted not to submit on the section 1172.6 petition at that time.

Later that month, Mackey filed the *Marsden* motion at issue in this appeal seeking to replace Spieckerman. The motion was based on various allegations concerning Spieckerman's representation, as well as personal accusations against him. Specifically, Mackey asserted Spieckerman failed to meet with or communicate with him, was not doing his job on Mackey's behalf, falsely stated Mackey had not provided him necessary information,

---

[3] Mackey filed a *Marsden* motion in 2022 to remove Spieckerman, which a different trial court judge denied after holding a hearing. The 2022 *Marsden* denial is not on appeal and we therefore do not address it.

failed to file certain motions as Mackey had requested, and was having sex with Mackey's ex-wife. The motion did not include any allegations against the public defender's office generally.

On January 9, 2024, Judge Bowers held a hearing on the section 1172.6 petition. The Solano County Public Defender, Elena Marie D'Agustino, appeared on behalf of Mackey; Mackey was not present. When Judge Bowers asked D'Agustino if she represented Mackey, D'Agustino explained that her office represented him on the completed *Franklin* matter, but Mackey had also filed the section 1172.6 petition. Judge Bowers then appointed D'Agustino's office to represent him for that petition.

Turning to the section 1172.6 petition, the prosecutor stated it was his "understanding" from the prior hearing—apparently referring to the December 5, 2023 hearing—that Spieckerman did not see any reason to go forward on the resentencing petition because Mackey was the actual killer. The prosecutor averred there was "no question [Mackey]'s the actual killer" and was therefore ineligible for relief under section 1172.6.

D'Agustino noted Mackey had filed the petition in propria persona and stated she did not feel she could withdraw it without his consent. After Judge Bowers indicated he would allow additional time for D'Agustino to reach out to Mackey before proceeding, D'Agustino indicated they had already spoken and she was prepared to submit on the section 1172.6 matter.

Judge Bowers then denied both the section 1172.6 petition and *Marsden* motion, stating as the entirety of his ruling: "All right. Then you're going to submit on it. I'm going to deny it, deny his Marsden and that's that." No further matters were raised at the hearing.

Through D'Agustino, Mackey appealed.

4

Mackey challenges the trial court's denial of his *Marsden* motion and its denial of his section 1172.6 petition at the prima facie stage. We address each issue in turn.

## I. The *Marsden* Motion Was Rendered Moot

Mackey asserts the trial court prejudicially erred by denying his *Marsden* motion without holding a hearing and in the absence of either Mackey or Spieckerman. However—and assuming *Marsden* applies to a section 1172.6 petitioner—the motion was rendered moot by D'Agustino's appearance in place of Spieckerman as Mackey's counsel after he filed his motion.

The California Supreme Court held in *Marsden* that a criminal defendant's constitutional right to the assistance of court-appointed counsel includes the right to have such counsel discharged and substituted by other counsel if failing to do so would " ' "substantially impair or deny" ' " the right to assistance of counsel. (*Marsden*, *supra*, 2 Cal.3d at p. 123.) The right to seek replacement of counsel under *Marsden* applies at all stages of a criminal proceeding. (*People v. Armijo* (2017) 10 Cal.App.5th 1171, 1179 (*Armijo*).)

"[O]nce the defendant clearly indicates to the trial court a request for the discharge and replacement of appointed counsel, the court must hold a hearing to allow the defendant to explain the basis for the request." (*Armijo*, *supra*, 10 Cal.App.5th at p. 1179.) Nevertheless, a request for the replacement of counsel under *Marsden* is rendered moot when the counsel complained of in the request is replaced by substitute counsel. (*Armijo*, at p. 1180.)

In *Armijo*, the defendant sent a letter to the court requesting new counsel to replace two deputy public defenders who had represented him at

his preliminary hearing and several pretrial conferences. (*Armijo*, *supra*, 10 Cal.App.5th at p. 1175.) After the court received that letter, a new, third deputy public defender appeared at a hearing on Armijo's behalf. (*Ibid.*) The appellate court concluded that, while Armijo's letter triggered his right to a *Marsden* hearing, that request was rendered moot when the third deputy public defender replaced the first two as Armijo's attorney. (*Armijo*, at pp. 1179–1180.) The court explained: "Although the record does not indicate that this switch came about as the result of any action by the trial court, Armijo got what he wanted in the first letter:[4] a new lawyer." (*Id.* at p. 1180.)

Just as in *Armijo*, Mackey's request to replace Spieckerman was rendered moot when D'Agustino appeared at the January 9, 2024 hearing on Mackey's behalf and replaced Spieckerman as Mackey's counsel for the section 1172.6 proceedings. (See *Armijo*, *supra*, 10 Cal.App.5th at p. 1180.) Though the record is silent as to whether this switch came about as a result of the *Marsden* motion, D'Agustino's appearance as Mackey's attorney gave Mackey what he wanted in his motion: a new lawyer. (See *Armijo*, at p. 1180.) Thus, his request for substitute counsel was rendered moot. (*Ibid.*)

We are unpersuaded by Mackey's assertion that, because Spieckerman was a deputy public defender in D'Agustino's office, "[n]o 'new' attorney had been 'appointed.' " As an initial matter, Mackey does not cite any legal support for this argument.

Further, the *Marsden* motion was premised on personal and professional allegations against Spieckerman individually, not any

---

[4] Armijo also sent a second letter, which was not rendered moot and is therefore not relevant for our purposes. (See *Armijo*, *supra*, 10 Cal.App.5th at pp. 1176, 1180.)

allegations against the Solano County Public Defender's Office generally. (Cf., e.g., *People v. Carter* (2024) 15 Cal.5th 1092, 1096 [*Marsden* motion sought disqualification of the public defender's office *and* individual deputy public defender].) Mackey presents no reason, such as a conflict of interest, why the allegations in his *Marsden* motion should be extrapolated to the entire public defender's office, including D'Agustino. (Cf. *Carter*, at p. 1104 [directing trial court to conduct *Marsden* hearing to determine whether alleged conflict of interest implicated the public defender's office].)

Finally, Spieckerman did not appear at any further hearings or submit any other pleading or documents on Mackey's behalf. Rather, D'Agustino was the only attorney who appeared on his behalf after the December 2023 *Marsden* motion was filed; she was also the attorney who filed Mackey's notice of appeal.

In sum, Mackey got what he asked for when D'Agustino replaced Spieckerman as his attorney for the section 1172.6 proceeding, rendering his *Marsden* motion moot. (See *Armijo*, *supra*, 10 Cal.App.5th at p. 1180.) It is not our duty to pass upon moot questions (see *In re D.P.* (2023) 14 Cal.5th 266, 276), and we decline to do so here.[5]

## II. The Trial Court Erred by Denying the Resentencing Petition Without Reviewing the Record of Conviction

Mackey avers the trial court erred by denying his section 1172.6 petition at the prima facie stage based solely on the prosecution's position that Mackey was ineligible for relief and D'Agustino's submission of the matter without further argument. Although such decisions are reviewable

---

[5] As we conclude the *Marsden* motion was rendered moot, we need not, and do not, reach the parties' arguments as to whether *Marsden* applies to a section 1172.6 petitioner or whether any error in denying the motion was prejudicial.

for harmless error, we agree with Mackey that the appropriate remedy in this case is to reverse and remand for the trial court to assess his petition considering the record of conviction in the first instance.

## A. Applicable Legal Principles

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which "made significant changes to the scope of murder liability for those who were neither the actual killers nor intended to kill anyone, including certain individuals formerly subject to punishment on a felony-murder theory." (*People v. Strong* (2022) 13 Cal.5th 698, 707.) Relevant here, the bill limited the scope of the felony-murder rule to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*Id.* at pp. 707–708.)

Senate Bill 1437 also created a procedure for those convicted of murder under the former law to seek retroactive relief by filing a petition for resentencing under section 1172.6. (*People v. Strong*, *supra*, 13 Cal.5th at p. 708; § 1172.6.) The Legislature later extended that path to relief for those who were convicted of attempted murder under the natural and probable consequences doctrine, under which "an aider and abettor who lacked a specific intent to kill could be found guilty of attempted murder solely due to their participation in a different target crime, if attempted murder was the natural and probable consequence of the target crime." (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 456; see *id*. at p. 457.)

If a petitioner files a facially sufficient section 1172.6 petition by indicating, among other criteria, that he meets the statutory requirements for relief—as Mackey did here—that triggers the prosecution's duty to submit

a response and the petitioner's right to file a reply on the issue of whether a prima facie case for relief exists. (*People v. Patton* (2025) 17 Cal.5th 549, 558–559; § 1172.6, subds. (b) & (c).) The court then holds a hearing to determine if the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).) If the petitioner makes such a showing, the court issues an order to show cause and holds an evidentiary hearing to determine whether to recall the sentence and resentence the petitioner. (*Id.*, subds. (c) & (d).)

"A trial court may deny a section 1172.6 petition 'at the prima facie stage only if "the petition and record in the case establish *conclusively* that the defendant is ineligible for relief" as a matter of law.' " (*People v. Hickman* (2025) 110 Cal.App.5th 1262, 1268 (*Hickman*).) The California Supreme Court has explained that "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The record of conviction includes documents from jury trial such as jury instructions and verdict forms. (*People v. Gallardo* (2024) 105 Cal.App.5th 296, 301 (*Gallardo*).)

We review an order denying a petition at the prima facie stage de novo. (*Hickman, supra,* 110 Cal.App.5th at p. 1268.) Although we may review the court's decision for harmless error, we are not required to " 'substitute our judgment for the judgment of the trial court.' " (See *Gallardo, supra,* 105 Cal.App.5th at pp. 302–303 & fn. 3.)

**B. Analysis**

Mackey contends the court erred by failing to base its ruling on any analysis of the record, instead relying on the prosecutor's assertion that Spieckerman had conceded Mackey was the actual killer and D'Agustino's

9

submitting the matter.  He further asserts we should follow the reasoning of the court in *Gallardo*, *supra*, 105 Cal.App.5th 296 and decline to analyze the record of conviction in the first instance given the court's patent failure to follow the requirements of section 1172.6, subdivision (c).

In *Gallardo*, the petitioner filed a facially sufficient petition, but the prosecutor failed to submit a response (as required by § 1172.6, subd. (c)) and instead orally proffered at the hearing that Gallardo was ineligible for relief based on the prosecutor's review of the jury instructions.  (*Gallardo*, *supra*, 105 Cal.App.5th at pp. 300, 302.)  Defense counsel then agreed with the prosecutor's recitation, and the trial court summarily denied the petition without reviewing any part of the record of conviction.  (*Ibid.*)

The appellate court concluded the trial court erred by failing to comply with section 1172.6's requirements.  (*Gallardo*, *supra*, 105 Cal.App.5th at p. 302.)  Further, the court declined the Attorney General's invitation to affirm on harmlessness grounds, explaining: "Although . . . an order denying a section 1172.6 petition may be reviewable for harmless error [citation], the Attorney General's argument is, in effect, a request that we review the record to determine Gallardo's eligibility for relief in the first instance.  We decline to do so.  In its prima facie review, the trial court was required to determine if the record of conviction conclusively established Gallardo was ineligible for relief as a matter of law.  [Citation.]  The parties did not submit briefing or any part of the record of conviction to the trial court, and therefore the court could not have conducted the review required by section 1172.6, subdivision (c).  This court will not perform the trial court's statutorily mandated task for the first time on appeal." (*Gallardo*, at p. 302.)

Here, similarly, the record does not reflect that the prosecution filed a response to Mackey's petition or that Judge Bowers consulted the record of

10

conviction or any briefing by the parties before summarily denying relief. Also like in *Gallardo*, Judge Bowers relied on the prosecutor's mere assurance that Mackey was ineligible for relief, including the prosecutor's representation of an apparent concession by Spieckerman—who, as discussed in section I, *ante*, was no longer representing Mackey. This was error. (*Gallardo*, *supra*, 105 Cal.App.5th at p. 302.) And, even assuming, arguendo, it was proper to consider a prior concession by Spieckerman, Mackey correctly notes the transcripts of the previous hearings do not reflect Spieckerman stating on the record that Mackey was the actual shooter. Rather, Spieckerman stated he was prepared to submit the matter (just as D'Agustino stated at the prima facie hearing).

Therefore, it is apparent Judge Bowers erred by denying Mackey's petition without conducting the review required by section 1172.6, subdivision (c). (*Gallardo*, *supra*, 105 Cal.App.5th at p. 302; see *Hickman*, *supra*, 110 Cal.App.5th at p. 1267 [only if petition and record conclusively establish the petition is meritless may the trial court dismiss the petition].) And Judge Bowers was aware of his obligation to consult the record before denying relief. Indeed, at the September 2023 hearing where the section 1172.6 petition was first discussed, Judge Bowers stated:

"[O]n the 1172.6 petitions, I just got one back from the Appellate Court stating that the Court needs to say more than 'there is no prima facie case.' And trust me, there is -- there have been several that there is just no there there. But what I'm hearing from the Court of Appeals is I literally have to say, 'We reviewed the jury instructions. We reviewed the testimony of this person was the actual killer. There was no accomplice felony murder instructions, et cetera, et cetera.' Merely -- merely submitting by both

11

lawyers that there is no there there apparently is not enough. . . . [¶] . . . [Y]ou know, again, let's follow the law."

Despite that awareness, Judge Bowers failed to follow his own advice. Given the court's wholesale failure to review the record or any briefing by the parties before denying relief, we conclude "the appropriate remedy is reversal of the order denying the petition with directions to the trial court to perform its functions under section 1172.6, subdivision (c)." (*Gallardo*, *supra*, 105 Cal.App.5th at p. 303.) We take no position on whether the trial court should ultimately determine that Mackey has made a prima facie claim for relief.

## DISPOSITION

The order denying Mackey's section 1172.6 resentencing petition is reversed. We remand this matter to the trial court with directions to conduct proceedings consistent with section 1172.6, subdivision (c).

PETROU, J.

WE CONCUR:

FUJISAKI, Acting P. J.

RODRÍGUEZ, J.

A170103 / *People v. Mackey*